From: The District Court of the First Judicial District. County of Lewis and Clark.

STATE OF MONTANA, Plaintiff, vs. ELWOOD CYRIL BRITTING-HAM, Defendant.

NO. 3389

DECISION

The application of the above-named defendant for a review of the sentence of seven years for First Degree Burglary imposed on October 18, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime carries a possible penalty of 15 years imprisonment, that, while it is true that this is defendant's first felony conviction, initially, in leniency, the sentencing judge gave the defendant a one year deferred imposition of sentence which did not result in the present sentence until the defendant violated the conditions of the deferred sentence. Further, the defendant was paroled from the present sentence and violated the conditions of that parole, and, notwithstanding, will be eligible to appear before the November, 1969 meeting of the Board of Pardons for parole consideration.

We thank John Northey, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 20th day of October, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Fourth Judicial District. County of Missoula.

STATE OF MONTANA, Plaintiff, vs. JAMES W. FAIRCLOUGH, Defendant.

NO. 3427-4

DECISION

The application of the above-named defendant for a review of the sentence of five years for Obtaining Money by False Pretenses imposed on October 28th, 1966, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that this sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime carries a possible penalty of 14 years imprisonment, and the defendant has a record of 4 prior felony convictions, which, if used, could have resulted in imprisonment for life or years without limit. It is further noted that he is a parole violator with respect to his present sentence.

DATED this 20th day of October, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.